UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHERRY LYNN LACKEY, | 1: 06 CV 01646 OWW WMW HC |
| Petitioner, | |
| | MEMORANDUM OPINION AND ORDER RE RESPONDENT'S MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS |
| v. | |
| | [Doc. 15] |
| SUPERIOR COURT, et al., | |
| Respondent. | Response due in 20 days |

Petitioner is a state prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. Section 2254. Pending before the court is Respondent's motion to dismiss.

**PROCEDURAL HISTORY**

In February 2002, the Madera County Superior Court sentenced Petitioner to a four-year prison term for possession of drugs in prison in violation of California Penal Code Section 4573.5 and receiving stolen property in violation of California Penal Code Section 496(a). The court sentenced Petitioner under California's Three Strikes Law, finding that she had a prior violent felony conviction.

1  Petitioner filed a petition for writ of habeas corpus with the California Court of Appeal, Fifth
2  Appellate District ("Court of Appeal") challenging her sentence. In that petition, she claimed that
3  the sentence was improper because she should not have been sentenced under the Three Strikes Law.
4  On May 19, 2005, the Court of Appeal granted her petition and ordered Madera County Superior
5  Court to enter an amended abstract of judgment with a corrected sentence.

6  In May 2005, the Superior Court amended Petitioner's sentence to a total term of three years
7  and four months. The California Department of Corrections and Rehabilitation ("CDCR")
8  recalculated Petitioner's release date and determined that she had already served the entire sentence.
9  Petitioner was therefore released on parole on May 27, 2005.

10  Upon her release, CDCR credited Petitioner with 648 days towards her parole term for the
11  days she was improperly incarcerated. With the 648-day credit, Petitioner's tentative parole
12  discharge date was August 18, 2006.

13  In December 2005, while still on parole, Petitioner stole a purse from Nordstrom. She
14  pleaded guilty to one count of second degree burglary in violation of California Penal Code Section
15  459 and one count of grand theft of personal property in violation of California Penal Code Section
16  487(a). San Diego County Superior Court sentenced her to a new prison term of two years and eight
17  months. In addition, the Parole Board offered her a parole revocation term of 10 months, eligible
18  for credit, which she accepted. Petitioner has served this new prison term as well as the parole
19  revocation term and was paroled on June 7, 2007.

20  On July 28, 2006, Petitioner filed a petition for writ of habeas corpus in the California
21  Supreme Court. The petition was denied on the merits on August 16, 2006.

22  Petitioner filed the present petition on October 18, 2006. In this petition, Petitioner expressly
23  states that she is challenging her February 20, 2002 conviction in Madera County Superior Court.

## LEGAL STANDARD

<u>JURISDICTION</u>

26  Relief by way of a petition for writ of habeas corpus extends to a person in custody pursuant
27  to the judgment of a state court if the custody is in violation of the Constitution or laws or treaties of
28  the United States. 28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3); <u>Williams v. Taylor</u>, 120 S.Ct.

1495, 1504 fn.7 (2000).  Petitioner asserts that she suffered violations of his rights as guaranteed by the United States Constitution.  In addition, at the time she filed this petition, Petitioner was incarcerated in Central California Women's Facility, which is located within the jurisdiction of this court.  28 U.S.C. § 2254(a); 2241(d).  Accordingly, the court has jurisdiction over the action.

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its enactment. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997), *cert. denied,* 522 U.S. 1008, 118 S.Ct. 586 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (quoting Drinkard v. Johnson, 97 F.3d 751, 769 (5th Cir.1996), *cert. denied,* 520 U.S. 1107, 117 S.Ct. 1114 (1997), *overruled on other grounds by* Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059 (1997) (holding AEDPA only applicable to cases filed after statute's enactment).  The instant petition was filed after the enactment of the AEDPA, thus it is governed by its provisions.

STANDARD OF REVIEW

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

The AEDPA altered the standard of review that a federal habeas court must apply with respect to a state prisoner's claim that was adjudicated on the merits in state court. Williams v. Taylor, 120 S.Ct. 1495, 1518-23 (2000).  Under the AEDPA, an application for habeas corpus will not be granted unless the adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding." 28 U.S.C. § 2254(d); Lockyer v. Andrade, 123 S.Ct. 1166, 1173 (2003) (disapproving of the Ninth Circuit's approach in Van Tran v. Lindsey, 212 F.3d 1143 (9th Cir. 2000)); Williams v. Taylor, 120 S.Ct. 1495, 1523 (2000).  "A federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." Lockyer, at 1174 (citations omitted). "Rather,

1  that application must be objectively unreasonable." Id. (citations omitted).

2      While habeas corpus relief is an important instrument to assure that individuals are
3  constitutionally protected, Barefoot v. Estelle, 463 U.S. 880, 887, 103 S.Ct. 3383, 3391-3392 (1983);
4  Harris v. Nelson, 394 U.S. 286, 290, 89 S.Ct. 1082, 1086 (1969), direct review of a criminal
5  conviction is the primary method for a petitioner to challenge that conviction. Brecht v.
6  Abrahamson, 507 U.S. 619, 633, 113 S.Ct. 1710, 1719 (1993). In addition, the state court's factual
7  determinations must be presumed correct, and the federal court must accept all factual findings made
8  by the state court unless the petitioner can rebut "the presumption of correctness by clear and
9  convincing evidence." 28 U.S.C. § 2254(e)(1); Purkett v. Elem, 514 U.S. 765, 115 S.Ct. 1769
10 (1995); Thompson v. Keohane, 516 U.S. 99, 116 S.Ct. 457 (1995); Langford v. Day, 110 F.3d 1380,
11 1388 (9th Cir. 1997).

## DISCUSSION

13     Respondent moves to dismiss this petition on the grounds that: 1) Petitioner seeks monetary
14 damages, a remedy not available under habeas corpus; and 2) claim 4 is unexhausted. Petitioner has
15 not responded to the motion.

16     In ground two of her petition, Petitioner specifically seeks monetary compensation for what
17 she terms her "false imprisonment." Monetary damages, however, are not available through the
18 mechanism of habeas corpus. Sisk v. CSO Branch, 974 F.2d 116, 117 (9th Cir. 1992). Rather, a civil
19 rights action pursuant to 42 U.S.C. § 1983 is the operative vehicle to recover monetary damages. Id.
20 Accordingly, the court finds that Respondent is correct in contending that Petitioner's second ground
21 for relief must be dismissed.

22     In ground four of her petition, Petitioner alleges a violation of the Eighth Amendment
23 prohibition against cruel and unusual punishment. It is undisputed that this claim was not presented
24 to the Court of Appeal or the California Supreme Court and is therefore unexhausted.

25     A petitioner who is in state custody and wishes to collaterally challenge his conviction by a
26 petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The
27 exhaustion doctrine is based on comity to the state court and gives the state court the initial
28 opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501

1  U.S. 722, 731, 111 S.Ct. 2546, 2554-55 (1991); Rose v. Lundy, 455 U.S. 509, 518, 102 S.Ct. 1198,
2  1203 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).
3       A petitioner can satisfy the exhaustion requirement by providing the highest state court with a
4  full and fair opportunity to consider each claim before presenting it to the federal court. Picard v.
5  Connor, 404 U.S. 270, 276, 92 S.Ct. 509, 512 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir.
6  1996). A federal court will find that the highest state court was given a full and fair opportunity to
7  hear a claim if the petitioner has presented the highest state court with the claim's factual and legal
8  basis. Duncan v. Henry, 513 U.S. 364, 365, 115 S.Ct. 887, 888 (1995) (legal basis); Kenney v.
9  Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis). Additionally, the petitioner
10 must have specifically told the state court that he was raising a federal constitutional claim. Duncan,
11 513 U.S. at 365-66, 115 S.Ct. at 888; Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir.1998). For
12 example, if a petitioner wishes to claim that the trial court violated his due process rights "he must
13 say so, not only in federal court but in state court." Duncan, 513 U.S. at 366, 115 S.Ct. at 888. A
14 general appeal to a constitutional guarantee is insufficient to present the "substance" of such a
15 federal claim to a state court. See, Anderson v. Harless, 459 U.S. 4, 7, 103 S.Ct. 276 (1982)
16 (Exhaustion requirement not satisfied circumstance that the "due process ramifications" of an
17 argument might be "self-evident."); Gray v. Netherland, 518 U.S. 152, 162-63, 116 S.Ct. 1074
18 (1996) ("a claim for relief in habeas corpus must include reference to a specific federal constitutional
19 guarantee, as well as a statement of the facts which entitle the petitioner to relief."). The court must
20 dismiss a petition that contains unexhausted claims, even if it also contains exhausted claims. Rose,
21 455 U.S. at 521-22, 102 S.Ct. at 1205; Calderon v. United States Dist. Court (Gordon), 107 F.3d
22 756, 760 (9th Cir. 1997) (en banc) cert. denied, 118 S.Ct. 265 (1997); Guizar v. Estelle, 843 F.2d
23 371, 372 (9th Cir.1988).
24      In 1996, Congress enacted the Anti-Terrorism and Effective Death Penalty Act. Pub.L. No
25 104-132, 110 Stat. 1214. Under the AEDPA, exhaustion can be waived by respondent. 28 U.S.C. §
26 2254(b)(C). The Court can also excuse exhaustion if "(I) there is an absence of available State
27 corrective process; or (ii) circumstances exist that render such a process ineffective to protect the
28 rights of the application." 28 U.S.C. § 2254(b)(1)(B). In this case, respondent has not waived

1 exhaustion.  In addition, California provides avenues for Petitioner to pursue state claims.   For
2 example, these claims may be presented in a petition for writ of habeas corpus.  See Cal. Penal Code
3 §§ 1473 - 14758.
4       Finally, there are not sufficient circumstances in this case for the Court to ignore the United
5 States Supreme Court's admonishment that comity demands exhaustion and find that California's
6 corrective processes are ineffective to protect Petitioner's rights.  Accordingly, the court finds that
7 as it now stands,  this petition must be dismissed under Rose v. Lundy, as a mixed petition
8 containing both exhausted and unexhausted claims.
9       Pursuant to Ninth Circuit holdings, a petitioner should be given the option of withdrawing his
10 unexhausted claims and proceeding in federal court with those claims that are exhausted.  Guizar v.
11 Estelle, 843 F.2d 371, 372 (9th Cir. 1988), citing, Rose v. Lundy, 455 U.S. 510, 520 (1982).
12 However, should Petitioner abandon her unexhausted claims, any later attempt to amend the petition
13 to include newly exhausted claims may be subject to an abuse of the writ challenge.  See McCleskey
14 v. Zant, 111 S.Ct. 1454 (1991); Rose v. Lundy, 455 U.S. 455 U.S. 510, 520-521 (1982); see also,
15 Rule 9(b), Rules Governing Section 2254 Cases; 28 U.S.C. § 2254 (failure to allege all available
16 grounds for relief in a single petition may be abuse of the writ).  Should the Petitioner fail to
17 withdraw the unexhausted claims or withdraw the Petition, the petition will be dismissed. Rose, 455
18 U.S. at 519; Guizar, 843 F.2d at 372.  This dismissal will not bar Petitioner from returning to federal
19 court after exhausting available state remedies. See, Trimble v. City of Santa Rosa, 49 F.3d 583, 586
20 (9th Cir.1995).  However, Petitioner should bear in mind that 28 U.S.C. § 2244(d) sets out a critical
21 one-year limitations period within which a federal habeas petition may be filed.  In most cases, the
22 one year period starts to run on the date the California Supreme Court denied Petitioner's direct
23 review.  See, id.  Although the limitations period tolls while a properly filed request for collateral
24 review is pending in state court, 28 U.S.C. § 2244(d)(2), is does not toll for the time an application is
25 pending in federal court. Duncan v. Walker, 121 S.Ct. 2120, 531 U.S. 991 (2001).
26       The Court HEREBY ORDERS:
27 1)     Petitioner's second ground for relief in which she seeks monetary damages is HEREBY
28        DISMISSED as seeking a remedy which is not available pursuant to habeas corpus:

2)  Petitioner is GRANTED twenty (20) days from the date of service of this order to inform the court whether she seeks to withdraw ground four, the unexhausted claim, and proceed with those that are exhausted *or* withdraw the entire petition and return to state court to exhaust those claims that are unexhausted.  No extensions of time will be granted absent extraordinary circumstances.  Petitioner is expressly cautioned that her failure to timely respond to this order will result in the dismissal of this entire action as a mixed petition containing both exhausted and unexhausted claims under Rose v. Lundy.

IT IS SO ORDERED.

**Dated:   February 15, 2008**              /s/ Oliver W. Wanger
                                            UNITED STATES DISTRICT JUDGE