# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHERRY LYNN LACKEY, | 1: 06 CV 01646 OWW WMW HC |
| Petitioner, | |
| v. | MEMORANDUM OPINION AND ORDER RE DISMISSAL OF PETITION FOR WRIT OF HABEAS CORPUS |
| SUPERIOR COURT, et al., | |
| Respondent. | |

 Petitioner is a state prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. Section 2254.

 On February 15, 2008, the court entered an order dismissing Petitioner's second ground for relief in which she seeks monetary damages as seeking a remedy which is not available pursuant to habeas corpus. The court also found that it was undisputed that ground four of her petition, alleging a violation of the Eighth Amendment prohibition against cruel and unusual punishment, is unexhausted. Accordingly, the court granted Petitioner twenty days from the date of service of the order to inform the court whether she seeks to withdraw ground four, the unexhausted claim, and proceed with those that are exhausted *or* withdraw the entire petition and return to state court to exhaust those claims that are unexhausted. Petitioner was expressly cautioned that her failure to

timely respond to this order would result in the dismissal of this entire action as a mixed petition containing both exhausted and unexhausted claims under Rose v. Lundy.

Petitioner has not responded to the court's order.  This petition will therefore be dismissed in accordance with the court's prior order.

Petitioner may seek to appeal from the judgment of the court in this case.  Petitioner cannot proceed on such an appeal absent a certificate of appealability.  The controlling statute, 28 U.S.C. § 2253, provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from--
> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court;  or
> (B) the final order in a proceeding under section 2255.
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

In the present case, the court finds no denial of a constitutional right.  Accordingly, a certificate of appealability will be denied.

Based on the foregoing, IT IS HEREBY ORDERED as follows:

1) This petition for writ of habeas corpus is DISMISSED as a mixed petition containing both exhausted and unexhausted claims;

2) A certificate of appealability is DENIED;

3) The Clerk of the Court is directed to terminate all pending motions, enter judgment for Respondent and close this case.

IT IS SO ORDERED.

Dated:   March 17, 2008                     /s/ Oliver W. Wanger
                                    UNITED STATES DISTRICT JUDGE